UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| WAYNE HOLROYD, | ) | |
| | ) | Civil No. 0:20-094-HRW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| H. ALLEN BEARD, JR., Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Wayne Holroyd is a federal inmate currently confined at the Federal Correctional Institution ("FCI")–Ashland located in Ashland, Kentucky. Proceeding without an attorney, Holroyd filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions against him. [D.E. No. 1] However, Holroyd has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested. Thus, denial of Holroyd's petition is warranted on these grounds alone.

Even so, the Court has reviewed the merits of Holroyd's petition and finds that dismissal is also justified on substantive grounds. The Court is required to

1

conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

## I.

In his petition, Holroyd raises challenges to the findings made by a Disciplinary Hearing Officer ("DHO") presiding over a disciplinary proceeding against Holroyd, which he claims resulted in a change in his security classification by the Bureau of Prisons ("BOP") and his transfer to a higher security prison. [D.E. No. 1 at p. 7] Holroyd claims that, on December 19, 2019, while he was housed at F.C.I. Morgantown in West Virginia, a DHO found Holroyd guilty of refusing to obey an order and smoking. [D.E. No. 1 at p. 2] Although Holroyd's petition does not provide much detail regarding the charges and the disciplinary proceeding against him, Holroyd attaches a copy of the DHO Report, which indicates that, after a December 19, 2010 hearing based on a December 10, 2019 incident report charging

2

Holroyd with smoking and refusing to obey an order, the DHO determined that Holroyd committed the prohibited act of smoking (Code 332). [D.E. No. 1-1 at p. 8-9] While the DHO report states that Holroyd denied that he was the inmate that was smoking, the DHO found no reason for the incident report to have been fabricated, noting that the staff member's observations recorded in the incident report were made strictly in performance of their duties and that the reporting officer was under a legal obligation to report truthfully and accurately. [*Id.*] In contrast, the DHO found that Holroyd had much to lose by accepting responsibility and being truthful and that the DHO believed that Holroyd was denying his role in the incident in an attempt to avoid being sanctioned. [*Id.*] The DHO further noted that other staff members were present when Holroyd was questioned and stated that they heard Holroyd admit to smoking. [*Id.*] In contrast, the witness appearing on Holroyd's behalf did not actually appear to have seen anything. [*Id.*] Based on this evidence, the DHO found that the greater weight of the evidence supports the finding that Holroyd committed the prohibited act of smoking. [*Id.*]

In his § 2241 petition, Holroyd claims that he was wrongly accused of the incident of smoking because "I don't smoke." [D.E. No. 1 at p. 6] While he offers no further discussion in his petition, in an attachment to his petition, he claims that the incident report was false and that it was issued by P. Edwards despite Holroyd's

3

strong denial of the accusation of smoking. [D.E. No. 1-1 at p. 5] He further denies ever having admitted to smoking in front of another officer. [*Id.*] He also claims that the DHO found him guilty based on his feelings that "all inmates are liars," and not the facts that were presented. [*Id.*]

## II.

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

Holroyd's petition does not allege that any of these requirements were not met. Holroyd does not claim that he was not provided with advanced notice of the charges; was deprived of the opportunity to present evidence in his defense; nor that he was not provided with a written decision explaining the grounds used to

4

determine his guilt or innocence. Rather, Holroyd simply disagrees with the finding reached by the DHO.

However, "a district court's role in reviewing a disciplinary conviction is extremely limited." *Stell v. U.S. Bureau of Prisons*, No. 7:08-CV-150-KKC, 2008 WL 4758664, at *2 (E.D. Ky. Oct. 28, 2008). As explained by the United States Supreme Court, "[a]scertaining whether [the "some evidence"] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Thus, this Court does not independently assess the credibility of witnesses nor weigh the evidence. Indeed, "the Court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision; a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support." *Stell*, 2008 WL 4758664 at *2.

In this case, the DHO's decision was based on an assessment of the credibility of the Incident Report, statements made by staff members claiming to have overheard Holroyd admit to smoking, and an assessment of the credibility of Holroyd's claim that he was not smoking. [D.E. No. 1-1 at p. 8-9] This evidence is

sufficient to satisfy the "some evidence" standard required to support the DHO's finding that Holroyd was guilty of the charged offense of smoking. As there was some evidence supporting the DHO's finding, Holroyd's due process rights were not violated.

### III.

Holroyd's challenge to the disciplinary proceeding is also intertwined with his claim that, as a result of the disciplinary proceeding, he was transferred to a higher security prison and a management variable was placed upon him. [D.E. No. 1 at p. 6] Holroyd claims that, although the Request for Transfer (Form 409) form indicates that Holroyd had incurred a "108-possession of anything unauthorized" incident report, he has never received such an incident report. [D.E. No. 1-1 at p. 5, 7] Holroyd claims that the officer completing the form lied to get Holroyd transferred. [D.E. No. 1 at p. 6][1] Thus, he requests that his custody be changed from "in custody"

---

[1] The Court notes that the "Rationale for Referral" Section of the Form 409.051-"Request for Transfer/Application of Management Variable" states:
> On December 19, 2019, the Disciplinary Hearing Officer found inmate Holroyd to have committed the prohibited act of 332 Smoking in an Unauthorized Area. Inmate Holroyd's custody classification was updated which show [*sic*] he may remain Out Custody with an increase in Security. Unit Team recommends his Security needs be raised to IN custody with a greater security management variable applied so he may receive be [*sic*] transferred to a facility to assist him with his adjustment issues and security needs. Therefore Unit Team is requesting he be transferred to a Low Security institution, with the application of a

6

to "out custody," that any management variable be removed, and that he be transferred from low security to a minimum-security facility. [D.E. No. 1 at p. 7]

However, Holroyd's claim challenging an increase in his custody level as a result of his disciplinary conviction is not cognizable in this habeas proceeding. Such concerns relate not to the duration of a prisoner's sentence, but to the conditions of his confinement, and hence must be pursued (if at all) as a civil rights action filed pursuant to 28 U.S.C. § 1331. *McCrary v. Rios*, No. 08-CV-206-ART, 2009 WL 103602, at *4 (E.D. Ky. 2009) (because the petitioner's claims challenging his security classification and place of confinement claims "do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241 [but are instead] 'conditions of confinement' claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331."). *See also Wilson v. Williams*, 961 F.3d 829, 837-838 (6th Cir. 2020) (noting that claims challenging fact or extent of confinement are properly brought under § 2241, while "conditions of confinement claims seeking relief in the form of improvement of prison conditions or transfer to another facility are not

---

greater security management variable to meet his security and custody needs.
[D.E. No. 1-1 at p. 7]  While the Form listed a 108 violation as a "past or present behavior and/or management/inmate concern," according to the Form, the basis for the referral was the 332 violation, not a 108 violation.

properly brought under § 2241.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *Taylor v. Ives*, No. 11-CV-256-GFVT, 2012 WL 6506995, at *2 (E.D. Ky. Dec. 12, 2012) (collecting cases). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke*, 704 F.3d at 466 (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).

For all of these reasons, the Court concludes that Holroyd's due process rights were fully observed, and his habeas petition fails to establish grounds for relief and will, therefore, be denied. To the extent that Holroyd's § 2241 petition challenges his disciplinary proceedings, this denial is with prejudice. However, to the extent that Holroyd's § 2241 petition raises conditions of confinement claims, his petition will be denied without prejudice to his right to assert those claims in a civil rights proceeding.

Accordingly, it is hereby **ORDERED** as follows:

1. Holroyd's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

    a.    To the extent that Holroyd's § 2241 petition challenges his disciplinary proceeding, his petition is **DENIED WITH PREJUDICE**.

    b.    To the extent that Holroyd's § 2241 petition raises conditions of confinement claims, his petition will be **DENIED WITHOUT PREJUDICE** to his right to assert those claims in a civil rights proceeding.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

This 4th day of September, 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge